UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NOBLE COUNTY, OHIO, BY THE
NOBLE COUNTY COMMISSIONERS,

    Plaintiff,

v.

CARDINAL HEALTH, *et al.*,

    Defendants.

Case No. 2:18-cv-1379
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Defendants CVS Indiana L.L.C., Wal-Mart Stores East, LP, and Walgreen Co.'s ("Moving Defendants") Motion to Stay (ECF No. 25), the Memorandum in Opposition of Plaintiff Noble County, Ohio by the Noble County Commissioners ("Noble County") (ECF No. 36), and the Memorandum in Opposition of Defendant Mylan Bertek Pharmaceuticals, Inc.'s ("Mylan Bertek") (ECF No. 37). For the reasons that follow, the Court **GRANTS** the Moving Defendants' Motion to Stay.

I.

This action is one of numerous opioid lawsuits filed by government entities against various defendants including manufacturers, distributors, and retailers of prescription opioid medications. On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created an Opiate MDL for cases similar to this one: *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375 (J.P.M.L. 2017). Specifically, the JPML centralized cases in which "cities, counties and states . . . allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively

marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor and report suspicious orders of prescription opiates." *Id.* at 1378–79. The JPML sent these case to the Honorable Dan Aaron Polster of the United States District Court for the Northern District of Ohio. *See In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804.

Currently, more than 1,500 actions have been transferred to the Opiate MDL. As new cases are filed across the country each week, the JPML continues to transfer actions similar to the instant one to the Opiate MDL, including cases which originated in the United States District Court for the Southern District of Ohio. *See e.g., Clermont Cty. Bd. Of Cty. Commr's v. AmerisourceBergen Drug Corporation, et al.*, No. 2:17-cv-00662 (S.D. Ohio, July 28, 2017).

## II.

Federal courts have inherent power to stay proceedings before them. A federal court may stay proceedings as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Courts have routinely exercised this inherent authority to stay pretrial proceedings during the pendency of a motion before the JPML seeking coordinated pretrial proceedings. Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see also Davis v. DePuy Orthopaedics, Inc.*, No. CIV. 11-5139 JBS/KMW, 2011 WL 5237563, at *2 (D.N.J. Nov. 2, 2011) (staying the action pending a transfer decision by the JPML).

Courts consider three factors when determining whether to issue a stay of proceedings pending the JPML's decision on transfer: (1) the judicial resources that would be saved by

avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers*, 980 F. Supp. at 1360; *see also Curtis v. BP Am., Inc.*, 808 F. Supp. 2d 976, 979 (S.D. Tex. 2011) (same).

## III.

The Moving Defendants request that this Court stay all proceedings in this action until the JPML renders a final decision on whether to transfer this action to the Opiate MDL. Noble County "requests that the Court deny the M[oving] Defendants' Motion to Stay and proceed with a decision on Plaintiff's remand motion." (Noble Cnty. Mem. in Opp. at 2, ECF No. 37.) Noble County argues that, "[t]he question of the Court's jurisdiction to hear this matter should take priority over all other considerations because . . . . [a] decision on the remand motion best serves the interests of judicial economy and balances the potential prejudice to both parties." *Id*. Mylan Bertek similarly maintains that "[s]taying these proceedings, in which a meritorious motion to remand for lack of subject matter jurisdiction is pending, risks unfairly entangling the parties in a massive multidistrict litigation." (Mylan Bertek's Mem. in Opp. at 1, ECF No. 36.)

Since Noble County's and Mylan Bertek's filed their Memoranda in Opposition, this Court has denied the Motion to Remand. (ECF No. 38.) Thus, Noble County's and Mylan Bertek's concerns regarding the remand request are no longer relevant.

Consideration of the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated, any hardship and inequity to the Moving Defendants if the action is not stayed, and any potential prejudice to Noble County and Mylan Bertek leads the Court to conclude that these factors weigh in favor of staying this case pending a decision from the JPML on whether to transfer this case to the Opiate MDL. If numerous

courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants may be needlessly repeated. This duplicative litigation could cause hardship and inequity to the moving party. If the case is transferred, which has occurred on a regular basis to the cases that were filed in this Court, the MDL court will add the case to those in which it is considering any and all pretrial matters. In the event the transfer is denied, then the stay will be lifted immediately, and this Court will proceed with this matter. Under these circumstances, Noble County and Mylan Bertek face no unfair prejudice from the requested stay.

## IV.

For the reasons set forth above, the Court **GRANTS** the Moving Defendants' Motion to Stay (ECF No. 25) and **STAYS** this action pending the JPML's decision on whether to transfer this case to the Opiate MDL.

**IT IS SO ORDERED.**

\_\_1-24-2019\_\_
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**